IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02548-LTB

CALVIN J. NEZ, JR.,

    Plaintiff,

v.

FOUR UNKNOWN OFFICERS, USP Florence,

    Defendant.

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on "Plaintiff's Motion for Clarification to Stay the Proceeding by Extension of Time Due to Court Order Have Been Lost" (ECF No. 6) and "Motion for Clarification Clarifying the Plaintiff's Omission by Not Correcting the Defects and Returning to the Court Timely" (ECF No. 7) filed *pro se* by Plaintiff, Calvin J. Nez, Jr. on December 9, 2014. Mr. Nez is a federal prisoner in the custody of the Bureau of Prisons. He asks the Court to reconsider and vacate the Order of Dismissal (ECF No. 4) and the Judgment (ECF No. 5) entered in this action on October 22, 2014. For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Because Mr. Nez's motion was filed more than twenty-eight days after the Judgment was entered on October 22, 2014, the Court will construe the motion as filed pursuant to Fed. R. Civ. P. 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed after ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 60(b) motion). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Mr. Valdez initiated this action by filing a Complaint (ECF No. 1) on September 15, 2014. On September 16, 2014, Magistrate Judge Boyd N. Boland entered an order directing Mr. Nez to cure certain deficiencies within thirty days if he wished to pursue any claims. Specifically, Magistrate Judge Boland directed Mr. Nez to file on the court-approved form a Prisoner Complaint and either to pay filing and administrative fees totaling $400.00 or to file on the court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 along with a certified copy of his inmate trust fund account statement. Mr. Nez failed to comply with the September 16 Order and did not communicate with the Court in any way since he initiated the action. Therefore, on October 22, 2014, the Court dismissed the action without prejudice for failure to cure the deficiencies as directed.

Mr. Nez contends in the motion to reconsider that he lost the court order directing him to cure deficiencies and requests additional time to correct the deficiencies.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Nez fails to demonstrate any extraordinary reason why the Court should

reconsider and vacate the order to dismiss this action. Even assuming Mr. Nez was unable to cure the deficiencies within the time allowed because he lost the court order, he fails to explain why he did not inform the Court in a timely manner of the circumstances that prevented him from curing the deficiencies or seek an extension of time. Mr. Nez alleges that he sent a motion to the court explaining his failure to cure deficiencies in a timely manner, but the court never received or docketed the motion. Therefore, the motion to reconsider will be denied. Mr. Nez is reminded, however, that the action was dismissed without prejudice. Therefore, if he wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that "Plaintiff's Motion for Clarification to Stay the Proceeding by Extension of Time Due to Court Order Have Been Lost" (ECF No. 6) and a "Motion for Clarification Clarifying the Plaintiff's Omission by Not Correcting the Defects and Returning to the Court Timely" (ECF No. 7) are DENIED.

DATED at Denver, Colorado, this 11th day of December, 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court